UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**DANIEL THOMAS FRENCH** and
**ROBERTA JOAN FRENCH**,

Debtors.

Case No. **09-60937-12**

# MEMORANDUM OF DECISION

At Butte in said District this 12th day of October, 2011.

In this Chapter 12 case the Debtors' Plan was confirmed by Order (Docket No. 206) entered on April 15, 2011.  On July 21, 2011, secured creditor CNH Capital America, LLC ("CNH"), filed a "Motion for Order Adjusting Allowed Amount of Secured Claim and for Order Compelling Turnover of Leased Equipment" ("CNH's Motion") (Dkt. 231/232) seeking turnover of a Case IH Square Wagon which is listed as CNH's security on its Proof of Claim No. 10.  Debtor filed an objection on the grounds that CNH's secured claims are dealt with in the confirmed Plan.  After due notice a hearing on CNH's Motion was held at Great Falls on October 7, 2011.  CNH was represented by attorney John P. Paul ("Paul") of Great Falls.  Debtors were represented by attorney Gary S. Deschenes of Great Falls, and Debtor Daniel Thomas French testified.  CNH's Proofs of Claim and the Debtors' confirmed Plan were admitted as Exhibits 1 and 2.  At the conclusion of the hearing the Court took the matter under advisement.

After review of the record and applicable law, for the reasons set forth below the Court denies CNH's Motion pursuant to 11 U.S.C. § 1227(a) which provides that "the provisions of a

1

confirmed plan bind the debtor, each creditor, . . ., whether or not the claim of such creditor . . . is provided for by the plan, and whether or not such creditor . . . has accepted, or rejected the plan."

This Court has jurisdiction of this Chapter 12 case under 28 U.S.C. § 1334(a). CNH's Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(O) affecting the adjustment of the debtor-creditor relationship.

The material facts are not in dispute. Debtors filed their Chapter 12 petition on May 22, 2009. CNH was served with notice of commencement of this case and claims bar date. Ex. 1 consists of eight (8) Proofs of Claim filed by CNH on June 30, 2009, Nos. 9, 10, 11, 12, 13, 14, 15 and 16. Claim 9 is an unsecured claim in the amount of $16,070.90. The other seven Proofs of Claim are filed as secured claims.

CNH's Proof of Claim No. 10 states a claim in the amount of $35,196.10 as of the petition date. Item 4 on Claim 10 asserts that it is a secured claim, with the amount unsecured left blank, and the security is stated as a "Case IH Square Wagon LBX432 354352024." Attached to Claim 10 is a document entitled "Equipment Operating Lease Agreement." CNH's Motion contends, and Paul stated at the hearing, that Proof of Claim 10 is based on a "true lease" which was not assumed by the Debtors within the time limit of 11 U.S.C. § 365(p)(1)[1]. However, the agreement states in pertinent part: "There shall be . . . a purchase option price of $20,800." Ex. 1. Page 2 of 7 further explains:

> PURCHASE OPTION. If Lessee has an option to purchase the Equipment as indicated, then so long as no default exists under this Agreement and it has not been earlier terminated, Lessee may on the Termination Date, upon at least 90

---

[1] Section 365(p)(1) provides: "If a lease of personal property is not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated."

2

>days', but not more than 180 days', prior written notice to Lessor, purchase all (but not less than all) of the Equipment at the purchase option price on the Termination Date as reasonably established by Lessor, not to exceed the Purchase Option Price. If FMV is set forth for a Purchase Option Price for its Fair Market Value, Fair Market Value will be reasonably determined by CNH Capital.

No objections to allowance of CNH's claims were filed, so they were deemed allowed, including Claim 10 asserting a secured claim in the sum of $35,196.10, secured by the Case IH Square Wagon.

Several plans were submitted by Debtors. They filed their Fifth Amended Chapter 12 Plan on March 25, 2011, and served the Plan on creditors including CNH. Ex. 2. After stipulations were filed with other creditors there remained no outstanding objections to confirmation, and the Plan was confirmed by Order entered on April 15, 2011. CNH did not file an objection to confirmation, and did not appear at the confirmation hearing in opposition.

The confirmed Plan combines CNH's secured claims[2] in paragraph 2(b), based on its allowed secured claims, into a single value stated in the amount of $154,124.00. The Plan provides for annual payments to CNH over 7 years in the sum of $27,120.00 at 5.5 percent (5.5%) annual interest. Paragraph 4 of the confirmed Plan provides that the "following executory contracts and leases of the Debtors are rejected, [and] Debtors shall surrender any collateral . . ." followed by the word "None."

The Chapter 12 Trustee James Volk appeared and stated that Debtors paid him $84,000 in July of 2011, and that he made a pro rata distribution to secured creditors, including $10,419.09 delivered to CNH.

---

[2]Not including the unsecured claim asserted in Claim 9.

3

## DISCUSSION

CNH alleges that its Proof of Claim 10 is based on a "true lease" which was not assumed by the Debtors within the time limit of 11 U.S.C. § 365(p)(1), and therefore is "deemed rejected" and CNH moves for turnover of the Case IH Square Wagon and adjustment of its allowed secured claim down to $151,067.83.

CNH does not explain what time limit was fixed by § 365(p)(1), which provides: "If a lease of personal property is not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated." Section 365(p)(1) does not, as CNH's Motion states, include a "statutorily prescribed time period." CNH called no witness, and offered no other proof specifying what it claims is the "statutorily prescribed time period."

Section 365(p)(1) refers to subsection 365(d). Section 365(d)(1) provides that an unexpired lease of personal property is deemed rejected if the trustee does not assume or reject within 60 days after the order for relief, but subsection (d)(1) is limited to "a case under Chapter 7." This is a Chapter 12 case. Subsection 365(d)(2) applies in a Chapter 12 case, but it does not specify a statutorily prescribed time period. Subsection 365(d)(2) provides that in a Chapter 12 case, "the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease." CNH's Motion does not state and CNH did not show that it requested the Court to order the Debtors to assume or reject CNH's lease within a specific period before confirmation, or that the

4

Debtors failed to assume.

The evidence shows that CNH filed a secured claim on Proof of Claim 10. The evidence further shows that Debtors' confirmed Plan, Ex. 2, rejected no unexpired leases and treated Claim 10 as a secured claim in paragraph 2(b). As to CNH's unsupported argument that Claim 10 is based on a "true lease" and not a retail purchase agreement, Claim 10 is prima facie evidence of CNH's claim under F.R.B.P. 3001(f). CNH called Claim 10 a secured claim, and the attachment shows that the lease included a purchase option which Debtors exercised in their Plan when they provided for CNH's secured Claim 10 in paragraph 2(b).

Finally, CNH had notice of the Plan's treatment of Claim 10, but CNH did not file an objection or appear at the confirmation hearing in opposition. The Plan, including treatment of CNH's Claim 10 as a secured claim, was confirmed. The provisions of a confirmed Chapter 12 Plan bind the parties thereto. *In re Dillon*, 16 Mont. B.R. 1, 4-5 (Bankr. D. Mont. 1997), *aff'd,* (D. Mont. March 4, 1998); 11 U.S.C. § 1227(a).

Section 1227(a) provides in pertinent part: "[T]he provision of a confirmed plan bind the debtor, each creditor, each equity security holder, and each general partner in the debtor, whether or not the claim of such creditor, such equity security holder, and each general partner in the debtor is provided for by the plan, and whether or not such creditor, such equity security holder, or such general partner in the debtor has objected to, has accepted, or has rejected the plan." The evidence shows that the CNH's secured Claim 10 is provided for by the confirmed Plan. In fact the evidence shows that CNH is being overpaid in the Plan. However, after confirmation of a plan the parties are bound by its terms.

In *Dillon* this Court quoted from its decision *Colman v. Farm Credit Bank of Spokane (In*

*re Colman)*, 7 Mont. B.R. 404, 416-17, 104 B.R. 338, 343-344 (Bankr. D. Mont. 1989), including the conclusion: "'It is clear, therefore, each party to [a Chapter 12] Plan is bound by its provisions.' *Id.,* Thus, once a court has confirmed a Chapter 12 plan, the parties may not unilaterally depart from its terms to cure missteps they might have made prior to confirmation." *Dillon*, 16 Mont. B.R. at 5 (quoting *Colman*). If CNH's math is correct regarding the amount of its claim being overstated, that mistake was readily discernable from the Plan and CNH's secured Proofs of Claim. The Court finds and concludes that CNH and other parties are bound by the terms of the confirmed Plan under § 1227(a). CNH's Claim 10 is provided for in the confirmed Plan as a secured claim, according to CNH's own characterization.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above denying CNH's "Motion for Order Adjusting Allowed Amount of Secured Claim and for Order Compelling Turnover of Leased Equipment" filed on July 21, 2011.

        BY THE COURT

        */s/ Ralph B. Kirscher*
        HON. RALPH B. KIRSCHER
        U.S. Bankruptcy Judge
        United States Bankruptcy Court
        District of Montana